## CATOIRE v. MADERE

(May 7, 1928.   Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Elections by the People—Par. 28, 31.**

Whenever it appears that a suit involving a contested nomination in a primary election can not be decided in time to permit the printing of the name of the party nominee on the ballot to be used in the general election, the political party committee, calling the primary, must, under the provisions of Sec. 31 of Act 97 of 1922 certify the name of the contestee in the suit as the party nominee and the courts are expressly prohibited from interfering with such action of the committee.

Appeal from the Twenty-fourth Judicial District Court in and for the Parish of St. John the Baptist.  Hon. L. Robert Rivarde, Judge.

Action by L. Hamilton Catoire against Prentice Madere.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

L. H. Gosserand, of New Orleans, attorney for plaintiff, appellee.

Rene Viosca, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.  Prentice Madere and L. Hamilton Catoire were candidates for the Democratic nomination for the office of Constable of the Fourth Ward of the Parish of St. John the Baptist.  The result of the primary was very close and Madere contested the apparent selection of Catoire.  The court, both parties consenting, ordered a second primary, which was held Friday, March 30, 1928.  At this primary Madere appeared to be successful and Catoire contesting upon the ground, among others, that the ballots used in the primary, did not have numbered detachable slips and were not signed on the reverse with the official certificates of the Secretary of State as to the official character of the ballots, as required by Act 99 of 1922, brings this suit, April 3, 1928.

Meanwhile (April 5, 1928) the Parish Democratic Executive Committee for the Parish of St. John the Baptist certified the name of Madere to the Secretary of State, as the Democratic nominee for the office and authorized the placing of his name on the official ballot for the general election to be held April 17, 1928.

Upon the trial of the case it was admitted that the ballots were defective in the respect charged and judgment was rendered April 12, 1928, declaring the primary election of March 30, 1928, void and ordered the certification of Madere as the nominee annulled.

On the same day that the judgment was rendered, or five days before the date of the general election, the Parish Executive Committee met again and adopted a resolution reading in part as follows:

WHEREAS, the St. John the Baptist Democratic Executive Committee in meeting held on April 5th, 1928, certified to the Secretary of State of Louisiana that the said PRENTICE MADERE was nominated for said office, and

WHEREAS, a contest suit has been filed in the 24th Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, in which an attempt is being made to annul said primary election of March 30th, 1928; and

WHEREAS, it is apparent that no decision of any kind can be rendered by the courts of this State in said primary election contest suit prior to the general election to be held on Tuesday, April 17th, 1928, and therefore, the said certification of PRENTICE MADERE as the nominee for the office of constable for the fourth ward of St. John the Baptist Parish cannot be. set aside, and

WHEREAS, even if a final decision were rendered in time annulling the said primary election, it would be impossible for this Committee to order another primary election before said general election of April 17th, 1928, and therefore, in such event the Democratic party being without a nominee for the office of constable of the fourth Ward of St. John the Baptist Parish, this committee, the St. John the Baptist Parish Democratic Executive Committee, would be required under the law to select a nominee of the Democratic party for said office, and

WHEREAS, it is the intent of this committee to carry out the will of the people and if called upon to select the nominee by virtue of a vacancy in the nominee, this committee will select as the nominee for said office the said PRENTICE MADERE, now therefore

BE IT RESOLVED by the St. John the Baptist Parish Democratic Executive Committee in meeting duly assembled that this committee re-affirms its certification of PRENTICE MADERE as the nominee of the. Democratic party for the office of constable of the fourth ward of St. John the Baptist Parish by virtue of the returns from the special primary election held on March 30th, 1928; and

BE ·IT FURTHER RESOLVED that in the event said special primary election of March 30th, 1928, should be annulled and for that or for any other reason there should be a vacancy in the nominee of the Democratic party for the office of constable of the fourth ward of the Parish of St. John the Baptist, this committee does hereby select, name and confirm PRENTICE MADERE as the nominee of the Democratic party for the office of constable of the fourth ward of the Parish of St. John the Baptist and hereby certifies his name as such nominee to the Secretary of State of Louisiana with instructions that his name be printed upon the ballot as the candidate of the Democratic party for said office.

The case was argued in this court April 16th, and our decree dismissing plaintiff's suit handed down the same day.

Insofar as the action of the court declaring the primary of March 30, 1928, a nullity is concerned, there can be no question of its correctness. See Hart vs. Picou, 147 La. 1017, 86 So. 479. But it cannot affect the nomination of Madere by the Parish Executive Committee, nor his subsequent election under the plain terms of Sec. 31 of Act 97 of 1922, which reads:

Section 31. That all vacancies caused by death or resignation or otherwise among the nominees selected by any political party, under the provisions of this act, shall be filled by the committee, which has jurisdiction over the calling and ordering of the said primary election, and in the event that no person shall have applied to become a candidate for a political office within the time fixed by law, or the call of the committee ordering the primary, or in any other event wherein the party shall have no nominee selected under the provisions of this act, the committee calling the primary shall select the nominee for any position named in the call of the committee and shall have full authority to certify said name as the nominee of the said party; provided, however, that wherever, for any reason, any contest filed in court shall not be finally decided in time to print the name of the nominee of the party upon the ticket at election, then the political party committee shall certify the name of the person who is the contestee in the suit filed, and the nominee of said political party, and no court shall have jurisdiction to enjoin such action.

It is evident that the purpose of the cited section of the law was to take care of just such situation as the record presents. The absence of party nominee on the official ballot was the thing to be avoided and the law makes provision for

naming an individual in an emergency, when the contest over the result of the primary is so prolonged, or delayed as to endanger party representation.